# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN KIMBRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 10-CV-1018-WDS |
| ) | |
| KARY J. BROWN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is defendant Kary J. Brown's motion to dismiss and memorandum in support (Docs. 3 & 4). This case was removed to this Court based on diversity and arises from an auto accident between plaintiff's car and defendant's tractor-trailer in 2006. Defendant now moves to dismiss this case because there is another action pending in this Court before the Honorable J. Phil Gilbert, Case No. 09-CV-511, between the same parties for the same cause, making dismissal proper under Illinois law. In the alternative, defendant argues that the case should be dismissed for plaintiff's lack of diligence in obtaining service on defendant, citing Illinois Supreme Court Rule 103(b). Plaintiff responds that the original action is not pending because it is actually void under Illinois law, having been filed while defendant was in bankruptcy proceedings (Docs. 13 & 14). Plaintiff also asserts that he served defendant in a diligent manner.

For reasons of judicial economy, all proceedings in this case are **STAYED** pending

resolution of the motion to dismiss and related matters in Judge Gilbert's case (Doc. 19, Case No. 09-CV-511). The Court **DENIES** defendant's motion to dismiss without prejudice to refiling after the stay is lifted.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2006, while working for Koetter Woodworking, Inc., defendant Kary Brown's tractor-trailer collided with plaintiff Melvin Kimbrell's vehicle. Plaintiff alleges that defendant was negligent and that the accident caused plaintiff severe, permanent injuries. On February 14, 2008, defendant filed for bankruptcy in the U.S. Bankruptcy Court for the Southern District of Indiana, New Albany Division (No. 08-90309-BHL-13). Several months later, on October 16, plaintiff sued defendant and Koetter Woodworking in the Circuit Court of St. Clair County, Illinois. Plaintiff served both defendants on June 11, 2009, and defendants removed the case to this Court on July 10 (Case No. 09-CV-511), before the Honorable J. Phil Gilbert.

Both defendants filed motions to dismiss; however, the Court issued a notice on September 8, 2009, that only judicial proceedings against Koetter Woodworking would continue in light of defendant Brown's bankruptcy petition (Doc. 32, Case No. 09-CV-511). All proceedings against defendant Brown were stayed, including a response to his motion to dismiss.

On December 17, 2009, the Court dismissed Koetter Woodworking with prejudice under Illinois Supreme Court Rule 103(b), finding that plaintiff had not exercised diligence in obtaining service (Doc. 40, Case No. 09-CV-511). On January 6, 2010, plaintiff appealed the dismissal to the United States Court of Appeals for the Seventh Circuit.

Five months later, on or about June 10, the bankruptcy court lifted the stay as to defendant

Brown (Doc. 4, Ex. 7), then on August 19 dismissed his petition. But, four days later, defendant filed a new petition of bankruptcy, which again invoked an automatic stay (No. 10-92709-BHL-13). So plaintiff filed a motion for relief from the stay to pursue his claim against defendant. The bankruptcy court granted it and lifted the stay on October 19 (Doc. 4, Ex. 8).

At some point it occurred to plaintiff that his original lawsuit against defendant Brown might be void because he had served defendant during the first bankruptcy petition. Plaintiff believes service of summons during bankruptcy was prohibited—but bankruptcy at least tolled the statute of limitations for him. *See* 735 ILL. COMP. STAT. 5/13-216 and 11 U.S.C. § 362. (The limitations period otherwise would have expired on October 30, 2008, only 14 days after the original complaint.) So plaintiff filed this action on November 3, 2010, again in the Circuit Court of St. Clair County, to beat the statute of limitations. Plaintiff served defendant with the new summons on November 15, and defendant removed again to this Court. Defendant's motion to dismiss and memorandum followed on December 15 (Docs. 3 & 4).

On January 10, 2011, Judge Gilbert issued a Memorandum and Order notifying the parties that all proceedings in the Court were stayed pending the outcome of plaintiff's appeal:

> "Generally, a party's filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal." *Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008). One of the few circumstances in which the district court can act is "if the order being appealed or the proceeding before the district court is a discrete matter ancillary to the issues under consideration in the other court." *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). This exceptional circumstance is obviously not present in this case, as the meritoriousness of Kimbrell's appeal should have substantive bearing on the pending Motion to Dismiss (Doc. 19) by Brown.
>
> Put simply, the Court does not have jurisdiction to act in this case until the Seventh Circuit Court of Appeals decides the ongoing appeal. With that said, the Court **ORDERS** Kimbrell to file his

3

> response to Brown's motion to dismiss no later than fourteen (14) days after this Court enters the Seventh Circuit's eventual mandate. In said response, Kimbrell may expand upon his contention that his case against Brown was void *ab initio*. Brown shall file his reply, if any, within fourteen days of service of Kimbrell's response.

(Doc. 63, Case No. 09-CV-511). A decision by the Seventh Circuit has not yet been made.

## ANALYSIS

Defendant makes two arguments for dismissal. First, there is another action pending between the same parties and for the same cause. Defendant argues that dismissal is proper under 735 ILL. COMP. STAT. 5/2-619(a)(3). The statute states:

> Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. . . . (3) That there is another action pending between the same parties for the same cause.

735 ILL. COMP. STAT. ANN. 5/2-619(a)(3) (West 2011).

Plaintiff sidesteps defendant's argument. He says his original complaint now before Judge Gilbert is actually void under Illinois law because it was filed during defendant's bankruptcy petition in violation of the automatic stay. 11 U.S.C. § 362. Therefore, there are not two actions pending, and § 2-619(a)(3) does not apply.

Second, defendant argues that the case should be dismissed according to Illinois Supreme Court Rule 103(b) for plaintiff's lack of diligence in obtaining service on defendant. This is essentially the same argument that defendant makes in his motion to dismiss in the original case before Judge Gilbert (*see* Doc. 19, Case No. 09-CV-511). And it is that motion plaintiff must respond to within 14 days after the Court enters the Seventh Circuit's forthcoming mandate.

4

Judge Gilbert noted in his Memorandum and Order that "[t]he meritoriousness of [plaintiff's] appeal should have substantive bearing on the pending Motion to Dismiss (Doc. 19) by Brown." For that reason, he concluded that the Court does not have jurisdiction to act.

For reasons of judicial economy, the undersigned will not review the parties' arguments at this time. Judge Gilbert has ruled on one motion to dismiss. Yet he has not had a chance to decide the other pending motion or hear plaintiff's argument that his case against defendant Brown is void. Accordingly, all further proceedings in this case are hereby **STAYED** pending resolution of the motion to dismiss and related matters in Judge Gilbert's case (Doc. 19, Case No. 09-CV-511). The Court hereby **DENIES** defendant's motion to dismiss (Doc. 3) without prejudice to refiling after the stay is lifted. The parties **SHALL** inform the Court of the status of the other case.

**IT IS SO ORDERED.**

**DATED: May 16, 2011**

                                            **/s/ WILLIAM D. STIEHL**
                                                 **DISTRICT JUDGE**